Ex parte JOHNNIE WILLIAMS.

No. A-9374. Aug. 27, 1937.
(71 Pac. 2d 320.)

Joe S. Eaton, for petitioner.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. A. Wallace, Co. Atty., of Okmulgee, for the State.

BAREFOOT, J. This defendant was tried in the district court of Okmulgee county on the charge of rape in the first degree, was convicted, and appealed to this court. His case was reversed on the ground that the evidence was insufficient, with directions that if in the opinion of the county attorney other evidence was available the case could again be tried. See Johnnie Williams v. State, 61 Okla. Cr. 396, 68 Pac. (2d) 530. The ground for reversal was that the evidence was insufficient by reason of the failure to show that the defendant was the party who committed the assault upon the prosecutrix. The defendant, upon reversal of the case, was brought from the penitentiary at McAlester, where he had been since his trial, to the jail at Okmulgee. His bond was fixed at $3,000, which he gave and was discharged. Afterwards his surety upon his bond surrendered him, and the bond was exonerated. During the interval the county attorney of Okmulgee county filed in the justice court a charge of assault with intent to kill against the defendant based upon the same transaction with which the defendant had been tried and convicted and said judgment set aside by this court. The defendant, by his writ, asked that this

court fix a reasonable bond under the circumstances in this case, and after due consideration of the petition and response thereto, we are of the opinion that the defendant should execute a bond in the sum of $1,000 in the original rape case, and upon the execution and approval of this bond he should be released on his own recognizance in the assault-with-intent-to-kill case. The law contemplates that defendant should be permitted to give bail pending his trial, and certainly under the circumstances in this case this defendant should have the right to a reasonable bail pending a further hearing.

It is therefore ordered that the bond of defendant be fixed in the sum of $1,000 in the case charging him with rape, and that upon the execution by him, and the approval of said bond by the court clerk of Okmulgee county he be discharged upon his own recognizance in the assault-with-intent-to-kill case. It is so ordered.

DAVENPORT, P. J., and DOYLE, J., concur.